# UNITED STATES FEDERAL DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

## COMPLAINT

**Joseph P. Carson, P.E.**
**10953 Twin Harbour Drive**
**Knoxville, TN 37934**
**865-300-5831**

**V.**

**U.S. Office of Special Counsel (OSC)**
**1730 M. St., NW**
**Suite 300**
**Washington, DC 20036**

Case: 1:07-cv-00649
Assigned To : Friedman, Paul L.
Assign. Date : 4/9/2007
Description: Carson v. US Special Counsel

## COMPLAINT OR PETITION FOR WRIT OF MANDAMUS

Comes the petitioner, who is pro se in this action and respectfully says as

follows:

1.  He understands the Court is obligated to "read the pleadings of a pro se

    plaintiff liberally and interpret them to 'raise the strongest arguments they

    suggest,'" See <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2nd Cir. 1999),

    quoting <u>Burgos v. Hopkins</u> 14 F.3d 787, 790 (2d Cir. 1994).

2.  On March 27, 2006, this Court issued a decision in <u>Carson v. Office of</u>

    <u>Special Counsel</u>, docket no. 04-315.  Footnote 3 on page 5 of the decision

    explained the Court's reasoning for not considering some of the petitioner's

1

claims. The decision was not appealed.

3.  Petitioner again seeks relief from the US Office of Special Counsel's failure to comply with each and every of its statutory duties to protect him from prohibited personnel practices (PPP) for the following of his PPP complaints (whether or not he adequately describes OSC's non-compliances or makes adequate legal argument, he respectfully requests this Court review the documentary evidence he provides and fully and fairly apply the relevant law to it): OSC file nos. MA-04-1018, 04-1886, and 04-1886/2444.

4.  Specifically (but not necessarily limited to), for each of these PPP complaints, the petitioner requests the Court order OSC to: 1) report its statutory required PPP determination, per 5 USC 1214(a)(1)(A) and (b)(2)(A), "whether there are (not) reasonable grounds to believe a PPP has occurred, exists, or is to be taken," and 2) provide the petitioner the information described in the "termination statement" of 5 USC 1214 appendix which follows:

> Section 12(b) of Pub. L. 103-424 provided that: "The Special Counsel shall include in any letter terminating an investigation under section 1214(a)(2) of title 5, United States Code, the name and telephone number of an employee of the Special Counsel who is available to respond to reasonable questions from the person regarding the investigation or review conducted by the Special Counsel, the relevant facts ascertained by the Special Counsel, and the law

applicable to the person's allegations."

5.    He does not limit the relief requested to this, as a pro se petitioner he understands the Court, not he, is responsible to ensure the respondent has executed each and every statutory obligation it owes him, in light of the evidence presented to the Court.

6.    Petitioner requests this case be joined and/or consolidated to the pending appeal, Carson v. Office of Special Counsel, docket no. 07-1833, as the issues of law are almost identical and the facts similarly incontestable.

7.    Petitioner, by law, is entitled to bring complaints of prohibited personnel practices (PPP's) to OSC. OSC, by law, has specific obligations to him as a concerned federal employee.

## THIS COURT'S JURISDICTION OVER THIS COMPLAINT

8.    In Weber v. United States, 209 F.3d 756 (D.C. Cir. 2000), the Circuit concluded that the District Court has subject matter jurisdiction over each and every of OSC's statutory obligations to protect those who seek its protection, up to and including "highly discretionary" recommendations when OSC can seek their enforcement, reasoning that "allowing district courts to issue writs of mandamus to the OSC would not affect the Federal Court's jurisdiction [which does not include review of OSC actions]" and

3

that absent mandamus jurisdiction, "judicial review of OSC actions would not be available." *Id.* At 759.

## **RELIEF SOUGHT**

9.   Plaintiff contends the U.S. Office of Special Counsel (OSC) fails to meet its statutory obligations in investigating allegations of prohibited personnel practices (PPP's) by not including all the statutory required information in its preliminary determination notices and/or PPP termination letters and by not providing additional information, if requested, per the "termination statement" which is required to be included with its PPP investigation termination letters. These failures are largely ministerial in nature.

10.  Specifically, in PPP complaints which OSC designated as OSC file nos. MA-04-1018, 1886 and 04-1886/2444, , OSC failed to fulfil its statutory obligations to plaintiff because it:

1.   Failed to include the statutory required determination, "whether there are (not) reasonable grounds to believe a prohibited personnel practice has occurred, exists, or is to be taken" in the preliminary determination notice and/or PPP termination letter.

2.   Failed to include the required "termination notice" in the PPP investigation termination letters, and

4

3.    Failed to provide the petitioner an opportunity to obtain the
      information described in the termination statement, when petitioner
      requested such an opportunity.

## THE ISSUES PRESENTED

11.   The Office of Special Counsel is an independent investigatory and
      prosecutorial agency. Its primary mission is to protect federal employees
      from prohibited personnel practices (PPP's), especially retaliation for
      whistleblowing. By performing this primary mission it indirectly upholds
      and defends the merit system principles, but that secondary to its primary
      mission of protecting the individual federal employees who seek its
      protection, which includes a statutory imperative for it and its licensed
      attorneys to "act in the interest" of those who seek its protection (5 USC
      1201 Appendix). The law at 5 USC 1214, including its appendix, places a
      number of specific demands on OSC regarding its obligations to protect
      those who seek its protection. This includes information that must be
      included in its preliminary determination notices and/or PPP termination
      letters.

12.   The essence of this petition for writ of mandamus is that OSC failed, in
      several specific ways, to comply with its statutory obligations to protect the

5

petitioner. These shortcomings are essentially ministerial in nature.

### *OSC's Requirements as an Investigatory Agency*

13. "Shall" statements regarding OSC's responsibilities as an investigative

agency to the individual making a PPP complaint are found at 5 USC

1212(a)(1) and (2); 1214(a)(1)(A), (B), (C), (D); (a)(2)(A); (b)(2)(A); (d);

and (e). By these requirements, which are not exhaustive, OSC is required

to: 1) investigate PPP complaints to the extent necessary to determine

whether there are reasonable grounds to believe they occurred, 2) keep the

individual who made the PPP complaint informed of the status of the

investigation and of any actions taken by OSC in conducting it, 3) make the

statutory required determination within 240 days, 4) report its preliminary

statutory required determination, if negative, to the complainant, providing

specific information about the basis of its preliminary determination as well

as providing additional information when terminating it, including the

statutory required "termination statement," to allow the complainant to

receive more information about OSC's PPP investigation and determination,

5) if its statutory required PPP determination is positive, report it to the

involved agency per 1214(e) and require a response, and 6) refrain from

providing the MSPB and involved agency any prejudicial information about

6

its PPP investigation.

THE FACTS NECESSARY TO UNDERSTAND THE ISSUES PRESENTED

***The Facts Regarding OSC's Failure, to Report Its Statutory Required***

***Determination in Petitioner's PPP Complaint OSC File nos. MA-04-1018,***

***04-1886, and 04-1886/2444.***

14.   As Exhibits (1-6) demonstrate, OSC's statutory required preliminary

determination notices and/or PPP termination letters simply do not make the

statutory required determination, using the statutory required language,

"whether there are (not) reasonable grounds to believe a PPP has occurred,

exists, or is to be taken."

15.   Additionally, the PPP termination letters fail to include the required

"termination statement" as found is 5 USC 1214 (appendix).  OSC has

failed to otherwise provide the petitioner opportunity to obtain the

information described in the (missing) termination statement. Exhibit 7,

which is page 12 of Senate Report 103-358, dated August 23, 1994,

elaborates upon the purpose of the "termination statement."

16.   OSC failures was essentially ministerial in nature - it failed to include the

required information in its required written communications to petitioner in

some cases and included prohibited information in another required written

7

communication. Additionally, OSC fail to otherwise provide an opportunity for the petitioner to obtain the information described in the (missing) termination statements.

## THE REASONS WHY THE WRIT SHOULD ISSUE

17.    Criteria for writs of mandamus to issue include: 1) the plaintiff must have a clear right to the relief, 2) the defendant must have a clear duty to act, and 3) no other adequate remedy must be available (See <u>Jones v. Alexander</u>, 609 F.2d 778 (5th Cir. 1980), *cert. denied*, 449 U.S. 832 (1980).

### *Plaintiff must have a clear right to the relief:*

18.    OSC's primary purpose for existing is to protect individuals as the petitioner from PPP's, as described in the appendix of 5 USC 1201 and 5 USC 1212(a), while being specifically detailed in 5 USC 1214, including its appendix. OSC incontestably failed to comply with its statutory obligations to petitioner, at a minimum in the ways detailed, perhaps in additional ways the Court may determine. Court precedent in <u>Weber</u> makes clear the necessity of OSC complying, scrupulously, with each and every of its statutory obligations, up to and including its "highly discretionary" one of making recommendations, when it has the power to seek their enforcement, to individuals as the petitioner. <u>Weber</u> makes clear that mandamus is the

8

appropriate means to ensure this.

### *The defendant must have a clear duty to act:*

19.  As previously described, Court precedent in <u>Weber</u> makes clear that
mandamus is the appropriate tool to ensure OSC scrupulously complies with
each and every of its statutory obligations to petitioner, up and including its
making "highly discretionary" recommendations when it has the power to
seek their enforcement.

### *No other adequate remedy must be available:*

20.  As Court precedent in <u>Weber</u> makes clear, mandamus is the appropriate
remedy to ensure OSC complies with each and every of its statutory
obligations to those who seek its protection, up and to and including its
making "highly discretionary" recommendations, when it has the power to
seek their enforcement.  This is because <u>Weber</u> makes clear there is no other
adequate remedy when OSC fails to do its duty to protect federal employees
from PPP's.

21.  The relief requested of OSC is essentially ministerial in nature - that OSC
provide the required information related to its written communications
related to its disposition of petitioner's PPP complaints MA-04-1018, 04-
1886, and 04-1886/2444 as well as provide petitioner the additional

information he requests per the required (but missing) "termination statement."

## CONCLUSION

22.   Weber could not be more clear.  The District Court is to order mandamus relief as necessary to ensure OSC complies with each and every of its statutory obligations to protect those who seek its protection, up to and including "highly discretionary" recommendations whenever OSC has the power to seek their enforcement.

23.   Petitioner assumes something similar to the ABA model rules of Judicial Conduct, canon 3(D)(2), applies to this Court.  By it, the Judge has positive legal and professional obligations to "blow whistles" on evidence of attorney malfeasance.  Petitioner thinks this is especially so when the involved attorney is a federal government employee assigned to a position with specific responsibilities to implement specific laws.

24.   By law at 5 USC 1211, the head OSC must be a licensed attorney.  He does not represent OSC as a an attorney - OSC is not his "client."  Instead, as a licensed attorney and federal employee, he is responsible to ensure OSC faithfully implements the laws it is charged to implement.  If the Judge determines OSC has failed to implement its statutory duties to protect the

petitioner, he respectfully requests the Judge to refer the matter to appropriate authorities so they can evaluate if the current Special Counsel or subordinate involved attorneys as Barbara Wheeler, Melissa Ehlinger, and/or Patrick Boulay warrant professional discipline for their failure to implement specific laws that they were responsible to implement to protect the petitioner.

Respectfully Submitted,

_____

Joseph P. Carson, P.E., Plaintiff



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

March 11, 2004

Mr. Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37922

     Re: OSC File No. MA-04-1018

Dear Mr. Carson:

     This letter is in response to the complaint of a possible prohibited personnel practice you submitted to the U.S. Office of Special Counsel against the Department of Energy. We have carefully considered the information you provided. Based on our evaluation of the facts and law applicable to your circumstances, we have made a preliminary determination that we are unable to seek corrective action on your behalf.

     The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b).

     You allege that Ms. Allison Davidson, Supervisory Personnel Specialist, violated 5 U.S.C. § 2302(b)(9) by failing to follow the agency's grievance procedure. You explain that Ms. Davidson was responsible for processing several formal grievances you filed in 1999 and 2000. You believe that Ms. Davidson's failure to process your grievances has "nullif[ied] [your] grievance right."

     We reviewed your complaint for a possible violation of 5 U.S.C. § 2302(b)(9), which prohibits an official with personnel action authority from taking or failing to take, or threatening to take or fail to take, any personnel action with respect to any employee or applicant because of the exercise of any appeal, complaint, or grievance right granted by any law, rule or regulation. In order to prove a violation of 5 U.S.C. § 2302(b)(9), the following elements must be shown: (1) an activity protected by section 2302(b)(9); (2) a covered personnel action was taken; (3) knowledge of the protected activity by the subject official; and (4) a connection between the protected activity and the personnel action(s).

     Based on the information you provided, we are unable to conclude that a violation of 5 U.S.C. § 2302(b)(9) has occurred. First, we note that failing to process a grievance in accordance with an agency's grievance procedure does not constitute a violation of this statute. Furthermore, your complaint does not suggest that Ms. Davidson, or any other managing official, took or failed to take a personnel action concerning you after you filed the grievance(s). Absent a personnel action, we have no basis for further inquiry into your complaint for a possible violation of 5 U.S.C. § 2302(b)(9).

**U.S. Office of Special Counsel**
Carson, Joseph P.; OSC MA-03-1288
Page 2

As indicated above, we have made a preliminary determination to close our inquiry into your complaint based on the reasons we cited for each of the allegations you made. Before we actually close the file, we will give you an opportunity to submit any comments you may wish to make concerning our determination. Your response must be in **writing** and should address each of the reasons we cited in reaching our preliminary determination to close your complaint. You have **16 days** from the date of this letter to submit your written response. If we do not **receive** any comments by the end of the sixteen-day period, we anticipate closing this file and will send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Barbara J. Wheeler
Attorney
Complaints Examining Unit



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

[MAY 0 3 2004]

Mr. Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37922

　　　Re: OSC File No. MA-04-1018

Dear Mr. Carson:

　　　We have carefully reviewed your written response to our March 11, 2004, preliminary determination letter. As explained in this letter, we made a preliminary determination to close our investigation into your allegation that Ms. Davidson violated 5 U.S.C. § 2302(b)(9) by failing to process grievances you filed in 1999 and 2000.

　　　We reviewed your allegation of reprisal as a possible violation of 5 U.S.C. § 2302(b)(9). However, we are unable to make a legal determination in your favor. First, we note that Ms. Davidson's failure to process your grievances in accordance with the agency's grievance procedure, while perhaps improper, does not constitute a violation of this particular statute. As explained in our preliminary determination letter, 5 U.S.C. § 2302(b)(9) prohibits an agency official from retaliating against an employee because of the exercise of an appeal, complaint or grievance right granted by law, rule or regulation. The grievances you filed in 1999 and 2000 are protected activities under 5 U.S.C. § 2302(b)(9). However, your complaint does not identify a personnel action that was taken against you as a result thereof. Furthermore, the information you submitted does not lead us to believe that Ms. Davidson failed to process your grievances in order to retaliate against you for filing them. Absent a personnel action and a causal connection between the protected activities and the personnel action, we have no basis for further inquiry into your complaint for a possible violation of 5 U.S.C. § 2302(b)(9).

　　　In response to our preliminary determination letter, you assert that Ms. Davidson's failure to process your grievances has resulted in a "significant change in working conditions." More specifically, you explain that as a result of Ms. Davidson's inaction, your family has "suffered hundreds of thousands of dollars in legal and other expenses..." Although you may have incurred significant debt as a result of seeking redress through other legal forums, you have not sufficiently explained how your working conditions (i.e., duties, responsibilities and/or working environment) at the Department of Energy have significantly changed as a result of Ms. Davidson's failure to address your grievance concerns. Accordingly, we have no basis for further inquiry into your complaint as a possible violation of 5 U.S.C. § 2302(b)(9).

2-1
12

Ex 1 442

**U.S. Office of Special Counsel**
Carson, Joseph P.; OSC MA-04-1018
Page 2

    Although you express dissatisfaction with our preliminary determination, you have not provided a legal basis that would enable us to reverse our determination. Accordingly, we are closing this file.

Sincerely,

Barbara J. Wheeler
Attorney
Complaints Examining Unit

2-2



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

**June 24, 2004**

Mr. Joseph A. Carson
10953 Twin Harbour Drive
Knoxville, TN 37922

    Re: OSC File No. MA-04-1886

Dear Mr. Carson:

    This responds to your complaint to the Office of Special Counsel (OSC). In your complaint, you have alleged that officials at the Department of Energy (DOE) have retaliated against you for making protected disclosures and for engaging in protected activity. Specifically, you state that because you voiced safety concerns and/or filed an appeal with the Merit Systems Protection Board (the Board), "several agency officials started spreading baseless rumors in the workplace that [you were] a 'threat to workplace violence.'" You believe this constituted a significant change in your working conditions. You also believe that the agency's non-compliance with the settlement agreement approved by the Board in 1996 is a significant change in your working conditions. Accordingly, you assert that OSC should consider seeking disciplinary action against agency officials under 5 U.S.C. § 1215. You also believe that OSC should conduct a "connect-the-dots investigation/reinvestigation" of the past twelve years of your employment at DOE for a pattern of prohibited personnel practices. Finally, you have requested that OSC reopen several cases you previously filed: MA-93-0151 and F3-00-1218. We have carefully reviewed the information you provided to our Office and have made a preliminary determination to close this file. We have also determined that your requests for reconsideration should be denied. Our reasoning follows below.

    As you know, the Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and activities prohibited by civil service law, rule, or regulation. 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). The Special Counsel presents allegations of prohibited personnel practices to the Board, which has the authority to review and adjudicate such matters.

    We reviewed your allegations as possible violations of 5 U.S.C. §§ 2302(b)(8) and (9). Under the Whistleblower Protection Act of 1989 (WPA), it is a violation of 5 U.S.C. § 2302(b)(8) to take or fail to take, or to threaten to take or fail to take, a personnel action with respect to any employee or applicant because of any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences: (1) a violation of law, rule, or regulation; (2) gross mismanagement; (3) a gross waste of funds; (4) an abuse of authority; or (5) a substantial and specific danger to public health or safety, if such disclosure is not specifically prohibited by law, or specifically required by Executive Order to be kept secret.

    In order to prove a violation of 5 U.S.C. § 2302(b)(8), the following elements must be met: (1) a protected disclosure; (2) a personnel action; (3) knowledge by an official with

3-1

Exhibit #3

**U.S. Office of Special Counsel**
Mr. Joseph A. Carson
Page 2

authority to take or recommend the personnel action; and (4) a causal connection between the disclosure and the action.

It is a prohibited personnel practice to take, fail to take, or threaten to take or fail to take a personnel action with respect to any employee or applicant because of: (1) the exercise of any appeal, complaint, or grievance right granted by any law, rule or regulation; (2) testifying for or otherwise lawfully assisting any individual in the exercise of any appeal, complaint or grievance right; (3) cooperating with or disclosing information to the Inspector General or the Special Counsel in accordance with applicable law; or, (4) refusing to obey an order that would require the violation of law. 5 U.S.C. § 2302(b)(9).

The elements of proof necessary to establish a section 2302(b)(9) violation are: (1) an employee or applicant for employment participated in the protected activity defined in 5 U.S.C. § 2302(b)(9); (2) the agency officials exercising personnel action authority had knowledge of the employee's or applicant's participation in the protected activity; and (3) participation in the protected activity was a significant factor in the personnel action or threat of a personnel action.

The information you provided is insufficient to show a violation of these sections. Specifically, you believe that you have experienced a significant change in working conditions because agency officials have: (1) spread baseless rumors and defamed you, and (2) failed to comply with the Board approved settlement agreement. Unfortunately, we do not believe the Board would find that such actions rise to the level of a personnel action under the statute. After conducting research on this issue, we are unable to find any case law in which the Board held that spreading rumors or defaming an employee constitutes a significant change in working conditions. We were also unable to find case law which supports your argument that the failure to comply with a Board approved settlement agreement constitutes a significant change in working conditions. Absent a personnel action, we would be unable to establish that a violation of 5 U.S.C. §§ 2302(b)(8) or (9) has occurred and thus are closing our file.

We note that the proper venue in which to raise an allegation regarding the breach of such a settlement agreement is the Board, and it appears that you did in fact go to the Board with a Petition for Enforcement in this matter. We understand that the Board ruled that the agency was in "material breach" of this settlement. Because this matter is most appropriately handled by the Board, and because the Board has already addressed this complaint, OSC will not pursue disciplinary action under section 1215 for this particular allegation.

Additionally, we have also reviewed your requests that we reopen the above-referenced case files. The comments and additional information you provided do not change our factual and legal determinations in these cases. Thus, we will not be re-opening these files.

With regard to your appeal that OSC reinvestigate your past twelve years of employment at DOE, we must deny this request. OSC has looked carefully at each of your allegations regarding prohibited personnel practices and made determinations accordingly. We thus do not

3-2

**U.S. Office of Special Counsel**
Mr. Joseph A. Carson
Page 3

believe it is necessary or advisable to reinvestigate your twelve years of employment at DOE for a "pattern of PPPs."

Finally, as you know, under MA-03-1288, OSC is currently investigating whether the agency's non-compliance with a February 2000 Board order warrants corrective and/or disciplinary action. You should direct any questions regarding MA-03-1288 to Patrick Boulay.

As indicated above, we have made a preliminary determination to close our inquiry into your complaint based on the reasons we cited for each of the allegations you made. Before we actually close the file, we will give you an opportunity to submit any comments you may wish to make concerning our determination. Your response must be in **writing** and should address each of the reasons we cited in reaching our preliminary determination to close your complaint.

You have **16 days** from the date of this letter to submit your written response. If we do not **receive** any comments by the end of the sixteen-day period, we anticipate closing this file and will send you a letter terminating the investigation and advising you of any additional rights you may have.

Sincerely,

Melissa Ehlinger
Deputy Associate Special Counsel for Complaints
    Examining

3-3



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
202-254-3600

July 20, 2004

Mr. Joseph A. Carson
10953 Twin Harbour Drive
Knoxville, TN 37922

Re: OSC File No. MA-04-1886

Dear Mr. Carson:

We have received and carefully reviewed your comments to our June 24, 2004, preliminary determination letter.

You state that you did not request that OSC re-open F3-00-1218. In your submissions, one dated February 24, 2004 and two dated April 29, 2004, you requested that OSC "reopen F3-00-1218 as part of MA-03-1288." Thus, we surmised that you wanted both F3-00-1218 and MA-03-1288 to be reexamined. I apologize if I misunderstood your request and thus described your request inaccurately.

As for the statutory obligations listed in our letter, I was simply informing you of the various authorities granting OSC jurisdiction over certain complaints. In addition, you are correct when you state that OSC is obligated to make a report when there are reasonable grounds to believe that a prohibited personnel practice (PPP) occurred. 5 U.S.C. 1214(b)(2)(B). We have, however, as stated in my letter, not found that there are reasonable grounds to believe that a PPP occurred based on the information you provided in this matter, MA-04-1886. The information in your response letter has not changed our preliminary determination.

As for the alleged personnel actions you believe have been taken against you, you have submitted no new evidence, and we still do not believe we would be able to establish before the Board that (1) spreading rumors and defaming you or (2) the violation of a Board-approved settlement agreement would rise to the level of a significant change in working conditions. In addition, as noted in our preliminary determination letter, OSC is not the proper venue to bring an allegation of a settlement agreement breach. You should, as you have apparently already done, raise these issues with the Board, which is the administrative tribunal before which the agreement was entered. We do not dispute that such an agreement can be treated as a contract. However, only the Board has the power to order the agency to comply with its terms.

As for your allegation that "spreading rumors" about you constitutes a significant change in working conditions, we do not believe such action constitutes a personnel action, and, as stated in our June 24, 2004, letter, there is no case law from the Board holding that such actions would constitute a significant change in working conditions. Based upon related case law and our interpretation of the statute and its legislative history, we do not think that "spreading

**U.S. Office of Special Counsel**
Mr. Joseph A. Carson
Page 2

rumors" is an action that would be deemed a significant change in working conditions. Thus, absent a personnel action, we will not continue our investigation of this allegation.

Finally, we note that MA-03-1288 is currently in an active investigation. At the conclusion of such investigation, you will be informed whether or not OSC believes there are reasonable grounds to believe that a PPP has occurred. All concerns regarding the facts at issue in that complaint should be directed toward Patrick Boulay.

Sincerely,

Melissa Ehlinger
Deputy Associate Special Counsel
Complaints Examining Unit

4-2



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505

November 12, 2004

Mr. Joseph P. Carson
10953 Twin Harbor Drive
Knoxville, TN 37922

Re: <u>OSC File Nos. MA-04-1886 (reopened) and MA-04-2444</u>

Dear Mr. Carson:

As you know, the U.S. Office of Special Counsel (OSC)'s Complaints Examining
Unit recently referred the above-referenced matters to OSC's Investigation and
Prosecution Division for further investigation. In these matters, you alleged that, in
violation of 5 U.S.C. § 2302(b)(9), Allison Davidow, then Employee Labor Relations
Chief for U.S. Department of Energy headquarters, recommended that you be
geographically reassigned from a field office to headquarters in retaliation for complaints
and grievances you filed with her.[1]

For the reasons set forth below, we have made a preliminary determination that
there is insufficient evidence that Ms. Davidow violated section 2302(b)(9). Therefore,
we cannot fulfill your request that we seek disciplinary action against her. We will make
a final determination after we receive any additional information you may wish to submit
in response to this letter.

To find that Ms. Davidow violated section 2302(b)(9), we must prove by a
preponderance of the evidence that: (1) Ms. Davidow had the authority to take or
recommend a personnel action against you, (2) you engaged in protected activity, (3) Ms.
Davidow took a personnel action against you because of your protected activity, and
(4) your protected activity was a significant factor in the decision to take the personnel
action. <u>See</u> <u>Special Counsel v. Nielson</u>, 71 MSPR 161, 171 (1996).

There is no dispute that Ms. Davidow had the requisite personnel action authority
and that you engaged in protected activity by filing several complaints and administrative
grievances with her. There is insufficient evidence, however, that Ms. Davidow took the

---

[1] Previously, OSC closed MA-04-1886 on the ground that no corrective action was
available to you. We re-opened that complaint to determine if a prohibited personnel
practice, 5 U.S.C. § 2302(b)(9), was committed by Ms. Davidow. In MA-04-2444, you
ask that OSC seek disciplinary action against Ms. Davidow for violating 5 U.S.C.
§ 2302(b)(9).

5-1                    Ex 2 HT 5

**U.S. Office of Special Counsel**
**Mr. Joseph P. Carson**
**OSC File Nos. MA-04-1886 (reopened) and MA-04-2444**
**Page 2**

personnel action about which you complain, i.e., your reassignment, or that your protected activity was a significant factor in her decision to recommend that action.

First, our investigation found that Ms. Davidow was not sufficiently involved in the decision to reassign you for the Merit Systems Protection Board (MSPB) to find that she took the personnel action. As Employee Labor Relations Chief, Ms. Davidow's role was limited to advising management officials on personnel matters. Accordingly, when management officials first approached her in 1995 to help address what they perceived as friction between you, them, and your co-workers, Ms. Davidow listed your reassignment as one option among several. When she was approached by management officials for the same reasons in February 1997 and December 1997, she again raised the possibility of reassigning you as one way to address their concerns. She did not, however, possess or exercise any decision-making authority, which was held by the managers who approached her, and there is no evidence that she attempted to influence their decision. Instead, the evidence indicates that Ms. Davidow's role in your reassignment was merely advisory and others were responsible for initiating and executing the personnel action. Thus, Ms. Davidow does not appear to have been sufficiently involved in taking the action to have committed a section 2302(b)(9) violation.[2]

Second, even assuming that Ms. Davidow was sufficiently involved to have "taken" the personnel action, there is insufficient evidence that your protected activity was a significant factor in her decision to recommend your reassignment. The main basis for your allegation is the following statement on page 11 of the MSPB's April 29, 1999, initial decision in your Individual Right of Action appeal: "Ms. Davidow admitted that part of her motivation in making this recommendation [to geographically reassign you] was that she was tired of dealing with all of [your] complaints and grievances." Carson v. Dept. of Energy (AT-1221-96-0948-W-3, AT-1221-98-0250-W-1, AT-1221-98-0623-W-1) (April 29, 1999).

Based upon our review of the hearing transcripts in that appeal, however, we believe that the MSPB Administrative Judge's characterization of Ms. Davidow's testimony is unfounded. While Ms. Davidow acknowledged that she received a large number of complaints and grievances from you, she did not "admit" that those complaints

---

[2] See Frederick v. Dept. of Justice, 73 F.3d 349, 354 (Fed. Cir. 1996) (agency official not subject to discipline because mere recommendation does not constitute taking a personnel action); Special Counsel v. Eidmann, 49 MSPR 614, 624 (1991), aff'd, Eidmann v. MSPB, 976 F.2d 1400, 1407 (Fed. Cir. 1992) (sufficient involvement found where agency official was the "moving force" behind the personnel action); Sullivan v. Dept. of Navy, 720 F.2d 1266, 1276 (Fed. Cir. 1983) (sufficient involvement found where agency official played a "dominant role" in the personnel action).

U.S. Office of Special Counsel
Mr. Joseph P. Carson
OSC File Nos. MA-04-1886 (reopened) and MA-04-2444
Page 3

and grievances influenced her advice to management. Rather, she testified that, consistent with her role as a human resources manager, her motivation in suggesting your reassignment as an option was to "get peace in the [field] office," to "deal with the issues [you were] raising at a more direct level," and to get you to "produce [more] effectively."

Moreover, our investigation did not find that Ms. Davidow had a strong motive to recommend that you be reassigned in retaliation for your protected activity. See, e.g., Nielson, 71 MSPR at 178 (considering retaliatory motive in significant factor analysis). First, Ms. Davidow was not a subject of your complaints and grievances. Second, had you been reassigned to headquarters, Ms. Davidow, Employee Labor Relations Chief, still would have been involved in personnel decisions affecting you. Thus, because implementation of Ms. Davidow's recommendation would not have cut ties between you and her, we believe her recommendation was inconsistent with that of someone who was "tired of dealing with all of [your] complaints and grievances." In sum, Ms. Davidow did not stand to personally benefit from your reassignment. For these reasons, we do not believe that the MSPB would find that your protected activity was a significant factor in Ms. Davidow's decision to recommend your reassignment.

Because we have made a preliminary determination that there is insufficient evidence that Ms. Davidow violated 5 U.S.C. § 2302(b)(9), you have *16 calendar days* from the date of this letter to submit *written* comments addressing the reasons for our preliminary determination. If you submit written comments to us within 16 calendar days, we will consider them in reaching our final determination on your complaint. If you do not submit any such comments, we will send you a letter terminating the investigation and advising you of any additional rights you may have. Thank you for your patience and cooperation in this matter.

Sincerely,

Patrick H. Boulay
Attorney
Investigation and Prosecution Division III



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 201
Washington, D.C. 20036-4505

November 30, 2004

Mr. Joseph P. Carson
10953 Twin Harbor Drive
Knoxville, TN 37922

Re: <u>OSC File Nos. MA-04-1886 (reopened) and MA-04-2444</u>

Dear Mr. Carson:

Thank you for your response to our November 12, 2004, preliminary determination letter concerning your allegation that former U.S. Department of Energy Employee Labor Relations Chief Allison Davidow violated 5 U.S.C. § 2302(b)(9) by recommending your geographic reassignment in retaliation for complaints and grievances you filed with her. Your comments were helpful to our final review of your complaint. After carefully considering your comments, however, we have concluded that we are unable to change our preliminary determination that there is insufficient evidence that Ms. Davidow violated section 2302(b)(9).

In your response, you argue that Ms. Davidow was sufficiently involved to have "taken" the personnel action in question (the proposed geographical reassignment) because of her long-standing involvement in your disputes with the agency. You did not, however, identify any specific evidence to suggest that her involvement was any greater than that described in our November 12 letter. Moreover, as noted in our November 12 letter, our investigation found that management officials, not Ms. Davidow, first proposed taking action against you and approached Ms. Davidow for advice. Thus, we do not believe Ms. Davidow was sufficiently involved in your proposed geographic reassignment to have "taken" that personnel action within the meaning of section 2302(b)(9).

You also argue that Ms. Davidow's motivation to recommend your geographical reassignment was to force you to leave the agency and thereby "moot the fault-finding provision of the 1994 settlement agreement" between you and the agency. In our review of the MSPB hearing transcripts and exhibits you provided, as well as our interview of Ms. Davidow, we did not find evidence that Ms. Davidow had such a motive. While, as you noted, she testified during the MSPB hearing that another agency employee had resigned in lieu of accepting a geographical reassignment, this fact alone does not suggest that Ms. Davidow expected, or wished for, you to do the same when she recommended your reassignment.

*Exh 6-1*

U.S. Office of Special Counsel
Mr. Joseph P. Carson
OSC File Nos. MA-04-1886 (reopened) and MA-04-2444
Page 2

For these reasons, and those set forth in our November 12 letter, we have made a final determination that there is insufficient evidence that Ms. Davidow violated section 2302(b)(9). Thank you again for your patience and cooperation in these matters.

Sincerely,

Patrick H. Boulay
Attorney
Investigation and Prosecution Division III

6-2

12

For these reasons, the bill requires OSC to issue detailed guideliness identifying specific categories of information that may (or may not) be communicated to agency officials for an investigative purpose, or for the purpose of obtaining corrective action or disciplinary action, and the circumstances under which such information is likely to be communicated to agency officials. The Committee intends the guidelines promulgated in accordance with this Section to be consistent with the purposes of the Whistleblower Protection Act, which expressly states that "the Office of Special Counsel shall act in the interests of employees who seek [its] assistance." In general, the new guidelines should be designed to preclude any disclosure of information that would be detrimental to the interest of the employee seeking the assistance of the Office of Special Counsel.

Subsection 9(b) requires OSC to provide, in each close-out letter terminating an investigation of a prohibited personnel practice, the name and telephone number of an OSC employee who can respond to reasonable questions from the individual who initiated the investigation.

Subsection 9(b) also requires OSC to respond to reasonable questions from whistleblowers whose cases have been terminated by the Special Counsel. The statute currently requires OSC to provide a "close-out" letter to whistleblowers whose cases are terminated. Each such letter is statutorily required to include a summary of the relevant facts ascertained by the Special Counsel, including the facts that support, and the facts that do not support, the whistleblower's allegations.

However, many whistleblowers complain that OSC's close-out letters are perfunctory and give little information about OSC's investigation or the facts of the case. Some have sought to remedy this problem by gaining access to the OSC's investigative files.

Giving whistleblowers a right of access to OSC investigative files may not be appropriate, because such files might contain confidential information about persons other than the whistleblower. Also, witnesses might be less candid with OSC investigators if they knew that OSC files would be open to the whistleblower. On the other hand, OSC is statutorily required to assist whistleblowers, and should not treat them the same way as a federal agency would treat any routine FOIA request.

S. 622 would address this problem by requiring OSC to provide, in each close-out letter terminating an investigation of a prohibited personnel practice, the name and telephone number of an OSC employee who will be available to respond to reasonable questions from the person who initiated the investigation regarding OSC's investigation, the relevant facts ascertained, and the law applicable to the person's allegations. This approach should provide whistleblowers with information necessary for them to make informed decisions about how to proceed with their cases.

Section 10 requires the OSC to conduct an annual survey of individuals who contact the OSC for assistance. This survey builds on the GAO survey referenced above. The Committee hopes that the survey will enable OSC to better assist complaints.

Section 11 provides that the amendments made by the bill become effective on and after the date of enactment.

07-649
PLF

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Joseph Carson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Knox TN
(EXCEPT IN U.S. PLAINTIFF CASES)
88888

**DEFENDANTS**

U.S. Office of Special Counsel DC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pro se Joe Carson 10953 Twin Harbour
Knoxville, TN 37934

Case: 1:07-cv-00649
Assigned To : Friedman, Paul L.
Assign. Date : 4/9/2007
Description: Carson v. US Special Counsel

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP**
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability

**☒ C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**☐ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**Se General Civil**

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of
Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt
Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if not
administrative agency review or
Privacy Act

Court Name: District of Columbia
Division: 1
Receipt Number: 4616003439
Cashier ID: lwebb
Transaction Date: 04/09/2007
Payer Name: Joseph Carson

CIVIL FILING FEE
For: Joseph Carson
Amount: $350.00

CHECK
Check/Money Order Num: 5487
Amt Tendered: $350.00

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

07-0649

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Petition for Writ of Mandamus. 5 USC 1361

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.CP. 23   **DEMAND $**   Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES  ☐ NO   If yes, please complete related case form.   See attached Notice

**DATE** 4/4/07   **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., or 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

RECEIVED
APR 6 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT