UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 07-649 (PLF) |
| | ) |
| UNITED STATES OFFICE OF | ) |
| SPECIAL COUNSEL, | ) |
| | ) |
| Respondent. | ) |

**THE OSC'S RESPONSE TO SHOW CAUSE ORDER AND
MOTION TO DISMISS PETITION FOR WRIT OF MANDAMUS**

The Respondent, the United States Office of Special Counsel, by and through undersigned counsel, hereby responds to the Court's Order to Show Cause dated April 12, 2007, and respectfully moves this Court to dismiss the Petition for Writ of Mandamus filed herein for failure to state a claim pursuant to Fed. R. Civ . P. 12(b)(6).

A memorandum in support of this motion and a proposed Order granting the relief requested is attached.

Dated:  May 18, 2007            Respectfully submitted,

　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　Assistant United States Attorney

/s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-649 (PLF) |
| ) | |
| UNITED STATES OFFICE OF ) | |
| SPECIAL COUNSEL, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF THE OSC'S MOTION
TO DISMISS PETITION FOR WRIT OF MANDAMUS**

**I. INTRODUCTION**

The Petitioner, Joseph Carson, filed his petition for writ of mandamus seeking to have the Respondent, the United States Office of Special Counsel ("OSC"), fulfill what the Petitioner perceives are the OSC's statutory obligations in investigating allegations of prohibited personnel practices (PPPs). *See* Petition for Writ of Mandamus ("Petition") ¶ 9. The Petitioner alleges that, with respect to OSC File Nos. MA-04-1018, MA-04-1886, and MA-04-1886/2444, the OSC failed to fulfil its statutory obligations to the Petitioner "by not including all the statutory required information in its preliminary determination notices and/or PPP termination letters and by not providing additional information, if requested, per the 'termination statement' which [the Petitioner alleges] is required to be included with its PPP investigation termination letters." *See* Petition ¶ 9.[1]

---

[1] The Petitioner is also requesting that the Court refer the Special Counsel and several of the OSC's attorneys for disciplinary action. *See* Petition ¶¶ 23-24. This is a tactic that the Petitioner has used in a number of his cases in an apparent attempt to intimidate federal counsel for doing their jobs or for merely disagreeing with the Petitioner. The Respondent submits that the Petitioner has failed to provide any evidence which would warrant such a referral and moves

Citing *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999), the Petitioner asserts that this Court must read his pleadings liberally and interpret them to "raise the strongest arguments they suggest." Petition ¶ 1. However, the Petitioner's reliance on the *McPherson* case is misplaced.

In *McPherson*, the Court of Appeals was considering an appeal by an inmate against whom summary judgment had been granted in a suit brought under 42 U.S.C. § 1983. The Court held that absent a clear indication that the inmate had understood the nature and consequences of the summary judgment rule, the district court had erred in granting summary judgment. In the context of discussing the responses from *pro se* non-movants to summary judgment motions, the Court stated "[W]e read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson* 174 F.3d at 280 (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *but see Sawyer v. American Fed. of Gov't Employees, AFL-CIO*, 180 F.3d 31, 36 (2d Cir. 1999) (granting summary judgment, in part, because the submissions of the non-moving *pro se* party satisfied the court that "he understood his burden to produce evidence opposing the motion for summary judgment"). As demonstrated by the Petitioner's filings in this case, as well as, the numerous actions he now has pending in this Court and elsewhere, the Petitioner can hardly be compared to the *pro se* inmate in *McPherson*.[2]

The Petitioner likewise misconstrues the Court of Appeals' decision in *Weber v. United*

---

that this request by the Petitioner also be denied. Finally, the Petitioner requests that this case be consolidated with Civil Action No. 07-1833, "as the issues of law are almost identical." *See* Petition ¶ 6. We believe that the Petitioner intended to refer to Civil Action No. 06-1833. For the reasons discussed herein, the Respondent requests that this matter not be consolidated with Civil Action No. 06-1833.

[2] *See* the Petitioner's "Notice of Designation of Related Cases" filed in this case.

*States*, 209 F.3d 756 (D.C. Cir. 2000). He argues that the Court in *Weber*, concluded that the District Court has jurisdiction to issue a writ of mandamus even in matters involving "highly discretionary" recommendations. *See* Petition ¶ 8. Instead, the Court stated that "[T]he act of reporting recommendations, however, is highly discretionary and therefore far removed from the paradigm case for mandamus-a ministerial act that an agency has a clear duty to perform." *Weber v. United States*, 209 F.3d at 760 (citing *Council of and for the Blind of Delaware County Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc)).

The Respondent submits that the petition for writ of mandamus herein should be dismissed, with prejudice, for the reasons stated below. This memorandum also constitutes the OSC's response to the Court's April 12, 2007, Order to Show Cause why the Petition for Writ of Mandamus in this case should not be granted.

## ARGUMENT

## II. THE PETITIONER MISINTERPRETS THE OSC'S STATUTORY OBLIGATIONS

### A. The OSC and its Complaint Process

The OSC is an independent investigative and prosecutorial agency within the executive branch of the United States government. *See* 5 U.S.C. § 1211, *et seq*. The OSC was created by the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 111 (1978), to, in relevant part: (1) investigate complaints received from federal employees alleging PPPs; (2) when warranted, seek corrective action from agencies and the Merit Systems Protection Board ("MSPB"); (3) where appropriate, file complaints with the MSPB seeking disciplinary action against employees who have committed PPPs; and (4) receive and take specific actions on employees' disclosures of violations of law, gross mismanagement, or specific dangers to public

3

health and safety. *See* 5 U.S.C. §§ 1212(a)(2), 1213(a)(1), 1214(a)(1)(A), and 1215(a)(1).

The statutory provision requiring the OSC to investigate PPPs is 5 U.S.C. § 1214(a)(1)(A), and states:

> The Special Counsel shall receive any allegation of a prohibited personnel practice and shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken.

The initial investigation of a PPP complaint is conducted by the OSC's Complaints Examining Unit ("CEU"). If the CEU determines that additional investigation is required, the complaint is referred to the OSC's Investigation and Prosecution Division ("IPD") for further investigation and legal analysis. If as a result of the investigation and legal analysis, the OSC determines that there are reasonable grounds to believe that a PPP has occurred and that corrective action is required, the Special Counsel reports that determination, along with the OSC's findings and recommendations, to the appropriate agency, the MSPB, and the Office of Personnel Management. In his report, the Special Counsel may recommend to the agency involved that corrective action be taken to remedy the violation. If the agency does not correct the violation, the OSC may petition the MSPB to order appropriate corrective action. *See* 5 U.S.C. §§ 1214(b)(2)(B) and (b)(2)(C).

However, if after the initial investigation by the CEU or additional investigation and legal analysis by the IPD, the OSC determines that there are no reasonable grounds to believe that a PPP has occurred, the OSC sends a written status report, referred to as a "pre-determination letter," to the complainant.[3] The pre-determination letter also advises the complainant that he has

---

[3] The statute provides that "the Special Counsel shall provide a written status report to the person who made the allegation of the proposed findings of fact and legal conclusions." *See* 5

13 days in which to provide additional information to the OSC in support of his complaint, and that the complainant may telephone the OSC examiner or attorney who reviewed his complaint to discuss his allegations.  *See* 5 U.S.C. § 1214(a)(1)(D).

If after receiving and considering any additional information, documentation, or comments from the complainant, the OSC determines that a change in its initial determination is not warranted, a written statement, referred to as a "termination or closure letter," is sent to the complainant.  *See* 5 U.S.C. § 1214(a)(2)(A).  The statute requires that the termination letter: (1) notify the complainant of the termination of the investigation; (2) provide a summary of relevant facts ascertained by the Special Counsel; (3) state the reasons for terminating the investigation; and (4) respond to any comments made by the complainant in response to the pre-determination letter.  *See* 5 U.S.C. § 1214(a)(2)(A).  Included with the termination letter is a "right of action" letter notifying a complainant of his right to seek redress at the MSBP.

The Petitioner alleges that the OSC failed to meet its statutory obligations by not including certain statutorily mandated language in its pre-determination letters and termination letters.  *See* Petition ¶¶ 4, 9-10 and Petitioner's Exhibits ("Pet. Exhs.") 1-6.  Specifically, the Petitioner argues that in the pre-determination letters and termination letters sent to him in the OSC File Nos. MA-04-1018, MA-04-1886, and MA-04-2444,[4] the OSC:  (1) "failed to include the statutorily required determination [of] whether there are (not) reasonable grounds to believe a prohibited personnel practice has occurred, exists, or is to be taken;" (2) "failed to include the

---

U.S.C. § 1214(a)(1)(D).

[4] OSC File No. MA-04-1886 was intially closed in July 20, 2004, but later reopened.  A related request was designated as MA-04-2444.  Some of the Petitioner's exhibits refer to both files.  *See* Pet. Exhs. 3-6.

required 'termination notice' in the PPP investigation termination letters;" and (3) "failed to provide the petitioner an opportunity to obtain the information described in the termination statement, when petitioner requested such an opportunity." *See* Petition. ¶ 10.

However, the Petitioner misinterprets the statutory language regarding the Special Counsel. The statutory language that the Petitioner cites in support of his arguments addresses the authority and responsibilities of the Special Counsel. It is not relevant to any requirements for the wording of pre-determination or termination letters issued by the OSC. In any event, as discussed below, the OSC has met its statutory obligations in processing the Petitioner's complaints.

### B. Pre-determination and Termination Letters

1. Pre-determination Letters

The general content and time requirements of the pre-determination letters are addressed in 5 U.S.C. § 1214(a)(1)(D), which provides that:

> No later than 10 days before the Special Counsel terminates any investigation of a prohibited personnel practice, the Special Counsel shall provide a written status report to the person who made the allegation of the proposed findings of fact and legal conclusions. The person may submit written comments about the report to the Special Counsel. The Special Counsel shall not be required to provide a subsequent written status report under this subparagraph after the submission of such written comments.

Nothing in this statute contains the requirements that the Petitioner suggests for pre-determination letters. Moreover, it is obvious from Petitioner's exhibits that the OSC met its statutory obligations with respect to his complaints and the issuance of the pre-determination letters in regard to the Petitioner's allegations.

6

2. <u>Termination Letters</u>

The Petitioner also alleges that the OSC failed to include what he alleges was a required "termination statement" in his PPP termination letters for OSC File Nos. MA-04-1018, MA-04-1886, and MA-04-1886/2444, or otherwise allow him to obtain the information. Petition ¶ 15. Termination letters are governed by 5 U.S.C. § 1214(a)(2)(A), which provides:

> If the Special Counsel terminates any investigation under paragraph (1), the Special Counsel shall prepare and transmit to any person on whose allegation the investigation was initiated a written statement notifying the person of-
>
> (I)  the termination of the investigation;
> (ii)  a summary of relevant facts ascertained by the Special Counsel, including the facts that support, and the facts that do not support, the allegations of such person;
> (iii)  the reasons for terminating the investigation; and
> (iv)  a response to any comments submitted.

In addition, 5 U.S.C. § 1214(b) states:

> TERMINATION STATEMENT - - The Special Counsel shall include in any letter terminating an investigation under section 1214(a)(2) of title 5, United States Code, the name and telephone number of an employee of the Special Counsel who is available to respond to reasonable questions from the person regarding the investigation or review conducted by the Special Counsel, the relevant facts ascertained by the Special Counsel, and the law applicable to the person's allegation.

Again, a review of the Petitioner's exhibits demonstrates that OSC met its statutory obligations, and that the OSC's termination letters addressed the requirements of § 1214(a)(2)(A). *See* Pet. Exhs. 2, 4, and 6. These termination letters advised the Petitioner that the OSC was terminating the investigations and explained to the Petitioner the reasons for the OSC's determinations. The Petitioner was also provided with the name of an employee at the OSC to contact.

    a.  **OSC File No. MA-04-1018**

By way of letter dated March 11, 2004, the OSC provided the Petitioner with the written status report required by 5 U.S.C. § 1214(a)(1)(D) in OSC File No. MA-04-1018.  The pre-determination letter advised the Petitioner of the OSC's initial investigation and preliminary determination to close its investigation.[5]  The pre-determination letter also advised the Petitioner of the legal elements of proof necessary to establish a violation of 5 U.S.C. § 2302(b)(9).

After receiving additional information from the Petitioner, the OSC advised the Petitioner in a termination letter dated May 3, 2004, that the OSC was closing the investigation regarding the Petitioner's allegations that a Ms. Davidson had violated 5 U.S.C. § 2302(b)(9) by failing to process grievances that the Petitioner had filed in 1999 and 2000.  *See* Pet. Ex. 2.  In its letter, the OSC advised the Petitioner that Ms. Davidson's failure did not constitute a violation of the statute.  *Id.*  The OSC also explained to the Petitioner that his complaint had not identified a personnel action that was taken against him and advised the Petitioner that there was insufficient evidence to show that Ms. Davidson had failed to process the Petitioner's grievances in order to retaliate against him.  *Id.*   Thus, the OSC met the statutory requirements for issuing pre-determination and termination letters in this case.

---

[5] The March 11, 2004, pre-determination letter advised the Petitioner that the OSC had "carefully considered the information" that the Petitioner had provided, and that the OSC was "unable to conclude that a violation of 5 U.S.C. § 2302(b)(9) has occurred." *See* Pet. Exh. 1. The March 11, 2004, letter specifically stated the reasons for the OSC's determination, but provided the Petitioner with an opportunity to submit comments within 16 days of the date of the letter before the OSC closed the case. *Id.*

8

### b. OSC File Nos. MA-04-1886 and MA-04-2444

The Petitioner complained in OSC File No. MA-04-1886, that officials at the Department of Energy ("DOE") had retaliated against him for making protected disclosures and for engaging in protected activity. *See* Pet. Exh. 3. Specifically, the Petitioner had alleged that officials had spread rumors about him, and he alleged that this constituted a significant change in his working conditions. *Id.* The Petitioner had also alleged that violation of a 1996 settlement agreement constituted a significant change in the Petitioner's working conditions. *Id.*

In OSC File No. MA-04-1886, the Petitioner had requested that the OSC: (1) seek disciplinary action against agency officials under 5 U.S.C. § 1215; (2) conduct a "connect-the-dots investigation/reinvestigation" of the past twelve years of the Petitioner's employment at DOE for a pattern of prohibited personnel practices; and (3) re-open OSC File Nos. MA-93-0151 and F3-00-1218. *Id.* In the OSC's June 24, 2004, pre-determination letter, the OSC advised the Petitioner that it had decided to close the case and provided specific reasons for the OSC's decision. *Id.* However, the OSC again gave the Petitioner an opportunity to submit comments to the OSC within 16 days before the OSC closed the case. *Id.*

In the OSC's July 20, 2004, termination letter, the OSC acknowledged receiving comments by the Petitioner, but advised him that the additional information that he had provided had not changed the OSC's preliminary determination regarding the Petitioner's alleged personnel actions. Pet. Exh. 4. The OSC's letter specifically addresses each allegation and provides its reasoning for the decision to close the case. *Id.*

The Petitioner's exhibits demonstrate that the OSC has met its statutory obligations. The Petitioner's unhappiness with the result of the OSC's investigations does not warrant a writ of

mandamus. In fact, as previously determined, the Court "cannot pass on the merits of OSC's decision to terminate an investigation." *See Carson v. U.S. Office of Special Counsel*, 2006 WL 785292 (D.D.C. 2006).

### III.  PETITIONER'S CLAIMS ARE BARRED, IN PART, BY THE DOCTRINE OF RES JUDICATA

The doctrine of *res judicata* has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hoisery v. Shore*, 439 U.S. at 327 (internal citations omitted.). "In order for res judicata to apply, defendants must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits." *Paley v. Estate of Ogus*, 20 F. Supp.2d 83, 87 (D.D.C. 1998).

The Petitioner has asserted that the issues of law in *Carson v. Office of Special Counsel* (Civil Action No. 07-1833)[6] and *Carson v. Office of Special Counsel*, Civil Action No. 04-315), are almost identical to his Petition for Writ of Mandamus here, and he requests that this case be joined with Civil Action No. 06-1833. *See* Petition ¶ 6. The Respondent submits that some of the Petitioner's claims are not just "almost identical," they are identical to those he asserted in Civil Action No. 04-315 and as such are barred by the doctrine of *res judicata*.

---

[6] We believe that the Petitioner intended to refer to Civil Action No. 06-1833.

In Civil Action No. 04-315,[7] the Petitioner sought a writ of mandamus to have the Court order the OSC to make several determinations with regard to allegations that the Petitioner had filed with the OSC concerning alleged prohibited personnel actions by officials at the DOE. Specifically, the Petitioner in that case made claims that the OSC's pre-termination and termination letters in OSC File Nos. MA-04-1018 and MA-04-1886 did not meet statutory requirements.[8]  In addition, the Petitioner was given the opportunity to file additional claims with respect to OSC File Nos. MA-04-1886 and MA-04-2444, but failed to do so. *See Carson v. U.S. Office of Special Counsel*, 2006 WL 785292 (D.D.C. 2006). To the extent that the Petitioner is again claiming that the OSC's pre-determination and termination letters in OSC File Nos. MA-04-1018 and MA-04-1886 do not include statutorily mandated language, his claims are barred by the doctrine of *res judicata*.

### IV.  PETITIONER HAS FAILED TO MEET HIS BURDEN FOR A WRIT OF MANDAMUS

This circuit has emphasized in a number of cases that "mandamus is an extraordinary remedy 'reserved for really extraordinary cases.'"  *See Doe v. Exxon Mobil Corporation, et al.*, 473 F.3d 345, 353 (D.C. Cir. 2006) (quoting *In re Bituminous Coal Operators Ass'n*, 949 F.2d 1165, 1167 (D.C. Cir. 1991) (quoting *Ex parte Fahey*, 332 U.S. 258, 260 (1947)).  The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and

---

[7] *See Carson v. U.S. Office of Special Counsel*, 2006 WL 785292 (D.D.C. 2006).

[8] The Petitioner claimed that the OSC had failed to comply with 5 U.S.C. § 1214(a)(1)(D) because the OSC had "failed to provide the required 'legal conclusions' in its pre-determination letters and termination letters in OSC File Nos. MA-04-1018 and MA-04-1886. *See* Amended Petition ¶ 2(d) in Civil Action No. 04-315. *See Carson v. U.S. Office of Special Counsel*, 2006 WL 785292 (D.D.C. 2006).

indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).

Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) that defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff. *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir.1997). "Mandamus is proper only when an agency has a clearly established duty to act." *Weber v. United States*, 209 F.3d at 760. Here, mandamus is only proper if the Respondent owes the Petitioner "a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

The Petitioner has failed to show any such duty or that he has any right to such extraordinary relief as a writ of mandamus. The statutory provisions discussed herein and the Petitioner's own exhibits clearly show that the OSC has met its statutory obligations with respect to the pre-determination and termination letters issued to the Petitioner. Because the Petitioner cannot meet his burden of showing that he is entitled to the extraordinary relief of a writ of mandamus, his petition should be dismissed and the order to show cause discharged.

## Conclusion

WHEREFORE, for the foregoing reasons, the Respondent respectfully submits that the Court deny the petition for writ of mandamus filed herein.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

        /s/
_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W.- Room E4905
Washington, D.C. 20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH P. CARSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-649 (PLF) |
| ) | |
| **UNITED STATES OFFICE OF** ) | |
| **SPECIAL COUNSEL,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## ORDER

UPON CONSIDERATION OF Respondent's Motion to Dismiss Writ of Mandamus and Memorandum of Points and Authorities in Support Thereof, any Opposition thereto, and the entire record herein, it is this ____ day of _____, 2007,

**ORDERED**, that the Court's April 12, 2007, Order to Show Cause is hereby discharged; and it is

**FURTHER ORDERED** that the Respondent's motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Petition for Writ of Mandamus is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2007, I caused the foregoing Response to Show Cause Order and Motion to Dismiss Petition for Writ of Mandamus, Memorandum in Support, and proposed Order to be served by first class mail, postage prepaid, on:

Joseph P. Carson
10953 Twin Harbour Drive
Knoxville, TN 37934

_____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney